## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD L. BODNAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 11-1020-JWL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's failure to explain why the opinion of a medical source was not adopted, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.      Background**

Plaintiff applied for both DIB and SSI on July 10, 2007, alleging disability beginning April 22, 2006. (R. 10).[1] The applications were denied initially and upon reconsideration. (R. 10, 55-58). Plaintiff appeared with counsel for a hearing[2] before Administrative Law Judge (ALJ) Alison K. Brookins on December 1, 2008. (R. 10, 19). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 10, 20-54). On January 8, 2009 ALJ Brookins issued her decision, finding that although Plaintiff has a severe combination of impairments, his condition does not meet or medically equal the severity of a Listed impairment, he has the residual functional capacity (RFC) to perform a range of light work, and he is able to perform his past relevant work as a line cook and as a cashier. (R. 10-16). In the alternative, the ALJ determined that there are a significant number of other jobs in the economy that Plaintiff can perform. (R. 16-17). Consequently, she determined Plaintiff is not disabled within the meaning of the Act, and denied his applications. (R. 17-18).

Plaintiff disagreed with the ALJ's decision, and submitted an Appeal Brief seeking Appeals Council review of the decision. (R. 6, 219-24). The Appeals Council considered

---

[1]The court is unable to find copies of Plaintiff's applications in the administrative record, but Plaintiff agrees with these facts as stated in the decision, so the court accepts them. (Pl. Br. 1) (applications for DIB and SSI on July 10, 2007, alleging onset April 22, 2006).

[2]The record contains multiple copies of a "Request for Hearing Acknowledgment Letter" (R. 77-95), but does not include a "Request for Hearing." Since the court's jurisdiction is based, in part, on administrative exhaustion, the Commissioner should take steps to ensure that claimants' requests for hearing are included in the administrative record.

Plaintiff's brief, found it did not provide a basis to change the ALJ's decision, found no reason to review the decision, and denied Plaintiff's request for review. (R. 1-5). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff seeks judicial review. (Doc. 1).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v.

Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2008); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a

determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff asserts three claims of error: The ALJ failed to properly evaluate the medical evidence. The Medical-Vocational Guidelines (the Grids) require a finding that

5

Plaintiff is disabled. And, the ALJ's analysis of the credibility of Plaintiff's allegations of symptoms resulting from his impairments was erroneous. The Commissioner contends that the ALJ's credibility analysis was proper, that she properly weighed the medical evidence, that the Grids are not used at step four, and in the ALJ's alternative step five finding she properly relied upon vocational expert testimony. Plaintiff did not reply. The court finds that remand is necessary in this case because the ALJ erred in ignoring Dr. Mancao's opinion that Plaintiff "needs to find a sedentary job" (R. 244), and the court cannot find that the error was harmless in the circumstances of this case. Because this error necessitates remand, the court will not decide Plaintiff's remaining allegations of error, and Plaintiff may make those arguments to the Commissioner on remand.

### III.   Evaluation of the Medical Evidence

Plaintiff claims the ALJ erred both in evaluating the medical opinion of Dr. Mancao, and in considering the effects of obesity on Plaintiff's functional limitations. With regard to Plaintiff's argument concerning obesity, it may be disposed of in short order. As the Commissioner points out, there is only one document in the record which refers in any way to obesity. On April 22, 2006, Plaintiff tripped over his dog and sustained a left ankle injury after which he was unable to stand and bear weight on his left ankle. (R. 228). Plaintiff went to the hospital where he was examined, radiographic studies were made, and he was diagnosed with "Left distal fibula fracture with significant displacement." (R. 228). In recording the findings of plaintiff's physical examination at

the hospital, the physician noted "Abdomen:  Soft, obese.  Normal bowel sounds."  Id. Standing alone--and it does--this isolated observation does not constitute a diagnosis of obesity and is not sufficient to require the ALJ to "consider the effects of obesity" in assessing Plaintiff's RFC.  There is simply no record evidence which would put the ALJ on notice to consider whether Plaintiff might have obesity, and which would require consideration of potential resulting functional limitations.  Moreover, in another physical examination on the same day, in the same hospital, a different physician noted "Abdomen:  Soft and nontender.  There is no hepatosplenomegaly.  Bowel sounds present.  No bruits noted.  No palpable masses noted."  (R. 227).

In his brief, Plaintiff notes that he is 70 and ½ inches tall and weighs 218 pounds, and that considering his height and weight, "he had a body mass index (BMI) of greater than 30 which supports a finding of obesity."  (Pl. Br. 6) (citing (R. 244) (to support the height and weight asserted); and Soc. Sec. Ruling (SSR) 02-1p (to support the assertion that a BMI over 30 suggests obesity)).  Plaintiff does not point to any record evidence where a body mass index for Plaintiff was calculated or recorded.  Plaintiff asserts that BMI is determined by dividing weight in pounds, by height in inches--squared, and multiplying the result by 703.  (Pl. Br. 6, n.3) (without citation to authority).  Applying the procedure suggested by Plaintiff to his height and weight as cited above, one would achieve a result of 30.834, and might thereby assume that Plaintiff has a BMI of 30.8.

As the Commissioner suggests, Plaintiff apparently calculated his own BMI, and asserts, based upon that calculation, that he is obese and that the ALJ should have considered the effects of this obesity in assessing RFC.  As the Commissioner points out, and as Plaintiff argued before the Appeals Council, an ALJ may not make speculative inferences from medical reports, and further, she may not interpose her lay opinion over that of a physician.  (Comm'r Br. 14) (citing (R. 223) (Pl.'s Brief before Appeals Council); and McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002)); see also, Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996) (ALJ oversteps her bounds when she substitutes her medical judgment for that of a physician).  In a case such as this, where no physician has diagnosed Plaintiff as obese or calculated a BMI for Plaintiff, and where there is no clear indication of obesity which might be recognized by a lay observer, it would be error for the ALJ to speculate that Plaintiff is obese, and to attempt to account for that speculation in her decision.  Moreover, neither Plaintiff, plaintiff's counsel, the ALJ, nor this court is qualified as a medical expert to diagnose obesity, or even to calculate BMI based upon the mere assertion of height or weight as contained within the record evidence.  It was not error for the ALJ to fail to assess obesity or to fail to attempt to assign limitations based upon speculation regarding obesity.

With regard to Dr. Mancao's opinion, Plaintiff claims the ALJ failed to state the weight she accorded that opinion, and "picked and chose" among portions of the record, relying on portions favorable to a finding of disability while ignoring Dr. Mancao's

opinion that Plaintiff is limited to sedentary work. (Pl. Br. 2-4). He argues that Dr. Mancao's examination supports the limitation to sedentary work because the doctor noted Plaintiff "walked with a faint limp favoring his left leg," had a scar with some swelling on the outer posterior aspect of the left ankle, and had reduced range of motion in the left ankle. (Pl. Br. 4) (quoting (R. 244)). The Commissioner argues that the ALJ implicitly accorded no weight to Dr. Mancao's opinion, and that the implicit finding of no weight accorded to the medical opinion is sufficient. (Comm'r Br. 11, 12). He argues that the opinion that Plaintiff needs a sedentary job is not a medical opinion, but is an opinion regarding the ultimate issue of disability and is entitled to no deference. Id. 11-12. Finally, he argues that substantial record evidence supports the ALJ's implicit decision to accord Dr. Mancao's opinion no weight.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). The Commissioner is correct that the court will not require an ALJ to specifically state the particular weight accorded to each medical opinion, so long as that finding is implicit in the decision. Moreover, as the Commissioner suggests, the opinion that Plaintiff is limited to sedentary work is an opinion regarding RFC--an issue reserved to the Commissioner-- and is not strictly speaking a "medical opinion" as that term is defined in the regulations. SSR 96-5p,

9

West's Soc. Sec. Reporting Serv., Rulings 123 (Supp. 2011) (citing 20 C.F.R. §§ 404.1527(e), 416.927(e)).

Medical source opinions on issues reserved to the Commissioner will not be given any special significance or controlling weight. 20 C.F.R. §§ 404.1527(e)(2 & 3), 416.927(e)(2 & 3); SSR 96-5p, West's Soc. Sec. Reporting Serv. 123-24 (Supp. 2011); SSR 96-8p, West's Soc. Sec. Reporting Serv. 150, n.8 (Supp. 2011). However, the Social Security Administration's "rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." Id.; see also, 20 C.F.R. §§ 404.1527(e)(2 & 3), 416.927(e)(2 & 3). And, "opinions from any medical source on issues reserved to the Commissioner must never be ignored." SSR 96-5p, West's Soc. Sec. Reporting Serv. 124 (Supp. 2011). Finally, an "RFC assessment must always consider and address medical source opinions," and "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, West's Soc. Sec. Reporting Serv. 150 (Supp. 2011). It should be noted that the requirement to explain why a conflicting opinion was not adopted applies to <u>an opinion from a medical source</u> not merely to a "medical opinion."

Here, the RFC assessed was for light work with certain additional restrictions not relevant to this discussion. (R. 13). Dr. Mancao opined that Plaintiff needs "a sedentary job." The ALJ's RFC assessment clearly conflicts with Dr. Mancao's stated opinion. As

such, it was error for the ALJ to fail to explain why the opinion was not adopted.  The Commissioner's argument that Dr. Mancao's opinion was not entitled to deference because it "turns on vocational factors as well as medical findings," ignores the standard cited above, and is essentially an argument that any error in failing to explain why the opinion was not adopted is harmless.  (Comm'r Br. 11-12) (quoting Gumm v. Apfel, 17 F. Supp. 2d 1213, 1219-20 (D. Kan. 1998)).

The Commissioner's argument rests upon cases in which the ALJ actually discussed the medical source opinions at issue and explained why the opinion was not adopted.  Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) ("ALJ rejected the treating physician's opinion"); Gumm, 17 F. Supp. 2d at 1217 (ALJ "rejected Dr. Summerhouse's letter and his early diagnoses").  In Castellano, the court found that the record supported the ALJ's decision to discount the physician's opinion and the ALJ's explanation that the physician's office records did not support his opinion.  Id., 26 F.3d at 1029.  In Gumm, the court analyzed the ALJ's explanation and found that the ALJ was correct in rejecting part of the physician's opinion, but that the ALJ erred in rejecting the remainder of the opinion.  Gumm, 17 F. Supp. 2d at 1220 ("the ALJ properly disregarded some [of] Dr. Summerhouse's letter," and "the ALJ erred in rejecting the remainder of Dr. Summerhouse's letter").  Here, the ALJ apparently rejected Dr. Mancao's opinion, but she failed to explain why she did not adopt that medical source opinion which conflicted with the RFC she assessed.  So far as the decision reveals, she

ignored Dr. Mancao's opinion that Plaintiff was limited to sedentary work. There is no reference to that opinion in the decision. According to SSRs 96-5p and 96-8p as discussed above, that is error.

The court must decide if the error is harmless. Although the harmless error statute, 28 U.S.C. § 2111, is not strictly applicable to judicial review of an administrative decision, courts have applied it to cases in which a remand would be merely a waste of time and money. Kerner v. Celebreeze, 340 F.2d 736, 740 (2d Cir. 1965) (no reason the rule should not be applied in judicial review of administrative decision); see also, Bernal v. Bowen, 851 F.2d 297, 302 (10th Cir. 1988) (harmless error for ALJ rather than psychologist to fill out PRTF); and, Arroyo v. Apfel, No. 99-4060, 1999 WL 1127656, *2 (10th Cir. Dec. 9, 1999) (Where there is substantial evidence in the record to support the ALJ's conclusion in the PRTF, failure to explicitly relate the evidence to the conclusions is harmless error.). In 2004, the Tenth Circuit specifically considered whether a harmless error analysis should be applied to consideration of a missing dispositive finding in a Social Security disability case. Allen v. Barnhart, 357 F.3d 1140, 1144-45 (10th Cir. 2004) (citing Glass v. Shalala, 43 F.3d 1392, 1396-97 (10th Cir. 1994); Gay v. Sullivan, 986 F.2d 1336, 1341 n. 3 (10th Cir. 1993); Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)). The court concluded:

> Two considerations counsel a cautious, if not skeptical, reception to this idea. First, if too liberally embraced, it could obscure the important institutional boundary preserved by Drapeau[ v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001)]'s admonition that courts avoid usurping the

> administrative tribunal's responsibility to find the facts. Second, to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action recognized in SEC v. Chenery Corp., 318 U.S. 80, 63 S. Ct. 454, 87 L. Ed. 626 (1943) and its progeny.
>
> With these caveats, it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.

Id. 357 F.3d at 1145.

Here, the ALJ specifically considered and addressed Dr. Mancao's report, but she did not mention Dr. Mancao's opinion that Plaintiff is limited to sedentary work, and did not explain why she did not adopt the opinion. (R. 14) (citing Ex. 3F, p. 3 (R. 244)). Therefore, the court finds that the ALJ considered the report, but not properly. The operative question here is whether the court could confidently say that no reasonable factfinder following the correct analysis, could have adopted Dr. Mancao's opinion that Plaintiff is limited to sedentary work. The Commissioner's argument in this regard is persuasive. (Comm'r Br. 11-14). In fact, after reading the parties' brief's the court began to lean toward a finding that in the circumstances present here no reasonable factfinder could have adopted Dr. Mancao's opinion.

Desiring to eliminate error caused by a failure to consider all of the possibilities, the court wanted to review all of the medical opinions in the record, and began to seek the RFC assessments made by the state agency at both the initial and reconsideration levels.

Realizing that the Commissioner now often uses single decision makers who are not acceptable medical sources to make decisions at the initial level of review, and that an acceptable medical source often reviews the initial decision and makes the decision at the reconsideration level, the court was surprised to note that the only Physical RFC Assessment contained in the medical records (F Section of the administrative record) was dated October, 4, 2007, the date of the initial decision. (R. 246-53). The court then noted that the reconsideration review appears to have been made by a physician, but was recorded on a "Report of Contact" and was filed in the "E Section" of the administrative record. (R. 217) (Ex. 13E). In looking in the "E Section," the court noted a "Request for Medical Advice" dated September 26, 2007, in which the disability examiner sought review of a Physical RFC, and asked, "Please review RFC I wrote for claimant which allows." (R. 210). The court is unable to locate the RFC referred to in the "Request for Medical Advice" in the administrative record. Seeking an explanation for this peculiarity, the court consulted the "Case Development Sheets." (R. 211-16). Therein, it is recorded that Dr. Mancao's report was received on September 24, 2007, two days before the examiner sought review of the RFC he wrote. (R. 212). Thereafter, the disability examiner recorded a note dated October 4, 2007, the date of the initial review: "Med unit completed Light rfc (I wrote a sed initially, sent to review, this was taken out and new Light RFC completed." Id.

These facts lead the court to conclude that it cannot confidently say that no reasonable factfinder would have resolved the matter differently. It is clear that after considering Dr. Mancao's report, the disability examiner decided that Plaintiff was limited to sedentary work, drafted an RFC to that effect, and requested a medical review of that RFC. Although it is equally clear that the "medical unit" disagreed with the disability examiner, and undoubtedly had good reasons for doing so, that does not change that a factfinder did in fact (at least preliminarily) resolve the matter differently than did the ALJ in this case. Further, the court finds it important that the disability examiner was not a medical expert. This is so because all of the factfinder's who make final decisions in Social Security cases--including ALJ's, Administrative Appeals Judges, and federal judges--are not medical experts, and must make decisions based upon facts and reports presented in the administrative record rather than upon personal expertise in evaluating physical and/or mental abilities. In these circumstances, it is not clear why the ALJ did not agree with Dr. Mancao's opinion, and she should have explained that disagreement in the decision. It is even possible that she did not notice Dr. Mancao's limitation to sedentary work. Since the resolution of this issue is dispositive as to disability, it is necessary to remand for proper consideration and explanation in accordance with the regulations and the rulings.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

Dated this 14th day of March 2012, at Kansas City, Kansas.

                                        s:/ John W. Lungstrum
                                        **John W. Lungstrum**
                                        **United States District Judge**